Brian J. Stibitz, AK Bar #0106043
Colleen J. Moore, AK Bar #8611126
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
brian@reevesamodio.com
colleen@reevesamodio.com
*Attorneys for Plaintiff Lance Kronberger*

Shane E. Romero, LA Bar #26108
LAW OFFICE OF SHANE E. ROMERO, LLC
110 E. Pershing Street
New Iberia, LA 70560
(337) 321-6945
seromero@cox-internet.com
*Attorney for John. W. Rydeen*
*Applying for Pro Hac Admission*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER and JOHN W. RYDEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL BRADY, in his official capacity as Refuge Manager for Kodiak National Wildlife Refuge; SARA BOARIO, in her official capacity as Alaska Regional Director of U.S. Fish and Wildlife Services; DEB HAALAND, in her official capacity as Secretary of Department of Interior; and U.S. FISH AND WILDLIFE SERVICES,<br><br>    Defendants. | Case No. 3:24-cv-00036-SLG |

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF  PAGE **1** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG Document 1 Filed 02/12/24 Page 1 of 25

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.     Plaintiffs, Lance Kronberger and John W. Rydeen, bring this action against Defendants, Michael Brady, in his official capacity as Refuge Manager for Kodiak National Wildlife Refuge; Sara Boario, in her official capacity as Regional Director for U.S. Fish and Wildlife Services; Deb Haaland, in her official capacity as Secretary of the Department of Interior; and U.S. Fish and Wildlife Service ("FWS") for improperly issuing a special use (temporary) permit to Michael Zweng to conduct commercial big game guiding and outfitting services in Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge.

2.     Mssrs. Kronberger and Rydeen also seek injunctive relief and other appropriate relief to prohibit Mr. Brady, Ms. Boario, Ms. Haaland, and/or FWS from awarding a special use (temporary) permit for purposes of conducting commercial big game guiding and outfitting services on federal lands within Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge and to revoke any permit already issued for such purpose.

### Jurisdiction and Venue

3.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. §§ 1331 (federal questions), 1361 (action to compel mandatory duty), 2210 (declaratory relief), and 2202 (injunctive relief).

4.     Defendants' sovereign immunity is waived pursuant to APA, 5 U.S.C. § 702.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **2** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 2 of 25

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within the Kodiak National Wildlife Refuge and the Regional Offices of the U.S. Fish and Wildlife Services in Alaska; because Plaintiffs are located in Alaska; and because public lands at issue in this case are located in Alaska.

6.     Mr. Brady, Ms. Boario, Ms. Haaland, and/or FWS's decision to issue a special use (temporary) permit conduct commercial big game guiding and outfitting services on federal lands within Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge is final agency action for which Plaintiffs have a right to judicial review under the APA.  5 U.S.C. §§ 701–706.

## Parties

7.     Plaintiff, Lance Kronberger, owns and operates Freelance Outdoor Adventures, a guiding and outfitting business headquartered in Eagle River, Alaska.  Mr. Kronberger is a registered guide in Alaska, who timely submitted an application seeking to be awarded the exclusive permit to conduct big game guiding and outfitting services on federal lands in Guide Use Area KOD-25 in the Kodiak National Wildlife Refuge.

8.     John W. Rydeen owns and operates Rydeen Outdoor Adventure, LLC, a guiding and outfitting business headquartered in Palmer, Alaska.  Mr. Rydeen is a registered guide in Alaska, who timely submitted an application seeking to be awarded the

exclusive permit to conduct big game guiding and outfitting services on federal lands in Guide Use Area KOD-25 in the Kodiak National Wildlife Refuge.

9.    Defendant, Michael Brady, is the Refuge Manager for the Kodiak National Wildlife Refuge.

10.    Defendant, Sara Boario, is the Regional Director, for the FWS responsible for oversight of the National Wildlife Refuge System in Alaska.

11.    Defendant, Deb Haaland, is the Secretary of the Department of Interior responsible for oversight of FWS.

12.    Defendant, FWS, is an agency of the United States government within the Department of Interior.

## Statutory Background

### Administrative Procedure Act

14.    Courts review final agency actions for which no specific judicial review mechanism is prescribed by statute under the Administrative Procedure Act (APA).  5 U.S.C. §§ 702, 704.

15.    Under the APA, courts "hold unlawful and set aside agency actions, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," in excess of statutory authority, or made "without observance of procedure required by law." *Id.* § 706(2)(A), (C), (D).

16.     While agency determinations are entitled to deference, an agency must articulate a satisfactory explanation for its conclusion. *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co.,* 463 U.S. 29, 43 (1983).

### Statement of Facts

17.     On August 20, 2021 (updated January 5, 2022), Mr. Brady issued a prospectus (the "Prospectus") soliciting proposals from interested parties to apply for the commercial big game guides service on federal within KOD-25 of the Kodiak National Wildlife Refuge.  The submittal due date was April 11, 2022.[1]

18.     Mssrs. Kronberger and Rydeen each submitted a timely and complete proposal in response to the Invitation for Proposal to Conduct Commercial Big Game Guide Services Within Areas of the Kodiak National Wildlife Refuge.

19.     Mssrs. Kronberger and Rydeen were two of three selected by a scoring panel as qualifying proposals.  Michael Zweng was the other selected proposal.

20.     Mr. Brady made the decision to award the permit by memorandum dated October 22, 2022.  Mr. Kronberger was never notified of the decision by letter.  In fact, Mr. Brady addressed Mr. Kronberger's letter to the wrong address and, when Mr. Kronberger

---

[1] *See* https://ecos.fws.gov/ServCat/DownloadFile/214546

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **5** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

inquired about it, a copy was emailed to him. Mr. Rydeen was notified by letter dated November 11, 2022, sent via U.S. Mail.

21.     Ultimately, Mr. Brady chose to award the permit to Michael Zweng, despite Mssrs. Kronberger and Rydeen having significantly more experience than Mr. Zweng in KOD-25 and significantly more experience overall than Mr. Zweng. This is due largely to the fact that Mssrs. Kronberger and Rydeen's proposals were wrongly scored substantially lower than Mr. Zweng in several areas. Such a low score is contrary to the facts and represents a clear error. Moreover, the low score is arbitrary and incorrect as Mssrs. Kronberger and Rydeen responded in full to the Prospectus questions while information considered by Mr. Brady relative to Mr. Zweng is outside the scope of the requirements for the Prospectus.

22.     As an example, Mr. Brady wrongfully considered information about Mr. Zweng outside the scope of the prospectus, and then improperly used that information for his rationale. More particularly, Mr. Brady's decision references Mr. Zweng's guiding experience between 2004 and 2010, but the prospectus requires an applicant to "list other relevant experiences you have had during each of the last 10 years, starting with January 1, 2011." Not only does Mr. Brady's decision heavily rely upon Mr. Zweng's experience outside of KOD-25, but it also considers his experience beyond the 10-year limitation in violation of the stated parameters of the Prospectus.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF       PAGE **6** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 6 of 25

23.     Mr. Brady's decision memorandum further states: "Lance (Kronberger) has been a guide in the unit since 2006 and became the sole user from retired Harmes (*sic*) in 2016, also the year he became the Master guide. He also understands the intricacies being on AKI lands, **although he does not have a Land Use Permit**." (Emphasis added).

24.     But Akhiok-Kaguyak, Inc. (AKI) contracted with Mr. Kronberger beginning February 7, 2018, for Mr. Kronberger to have exclusive land use authorization and provide hunting guide services on AKI Native lands within KOD-25.

25.     Mssrs. Kronberger and Rydeen each timely filed a Notice of Intent to Appeal regarding Mr. Brady's decision, by certified mail, return receipt requested, which were received by the Regional Director, Ms. Boario's, office.

26.     Prior thereto, Mssrs. Kronberger and Rydeen each sent FOIA requests on December 13, 2022, for Mr. Zweng's KOD-25 proposal, his score sheets and FWS's scoring criteria.

27.     FWS acknowledged and confirmed the FOIA requests, and indicated the FOIA requests were placed in a complex track process, which generally takes twenty-one to sixty workdays to process. Thereafter, by email from Kathey Virgin, Regional Permits Coordinator for FWS, Mssrs. Kronberger and Rydeen were informed that they should receive the requested FOIA information at the end of March or first week of April of 2023.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **7** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 7 of 25

28.     But, FWS did not respond to Mr. Kronberger until July 5, 2023, and to Mr.

Rydeen until July 17, 2023.   In both responses, FWS refused disclose the requested

materials (7 records containing 193 pages).  The documents not produced include:

> We contacted Mike Zweng and he has requester (*sic*) we withhold his
> records which is as follows: 4 records (154 pages) from the prospectus, 1
> record (14) pages from the scoresheet, under Exemption 4 Commercial
> and/or Financial Information.
>
> * * *
>
> 15 pages under Exemption 5 DPP, Scoring factor instructions to NWR
> staff.

29.     Without Mr. Zweng's application and scoresheets, there is simply no way to

know what the basis of Mr. Brady's decision, or if it is adequately supported by the

evidence.

30.     The instructions for all applicants submitting a proposal for the KOD-25

permit states: "[a]ll proposals submitted in response to this prospectus will be disclosed by

the Department of Interior to any person upon request pursuant to the Freedom of

Information Act, 5 U.S.C. § 552 (FOIA)….if the applicant chooses to include commercial

or financial information in the application which the applicant believes to be exempt from

disclosure under FOIA, the cover page of each copy of the proposal shall include an

attachment…" that identifies the pages that may constitute confidential commercial and

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **8** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 8 of 25

financial information which the applicant believes may be exempt from disclosure under FOIA.

31.     The letters in response to Mssrs. Kronberger and Rydeen's FOIA requests do not indicate that Mr. Zweng included the mandatory cover page asserting a privilege, nor indicated which page(s) constitutes confidential commercial and financial information.

32.     In the July 17, 2023, letter to Mr. Rydeen, it simply states "he (Mr. Zweng) has request(d) we withhold his records," which is in contravention of the Prospectus (at p. 34) that provides "burden on the applicant" language to prove confidentiality.

33.     The refusal and/or denial by FWS to produce the information sought by Mssrs. Kronberger and Rydeen's FOIA requests constitutes a violation of due process. More specifically, the record of an administrative decision "consists of all documents and material directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position."

34.     The records sought by Mssrs. Kronberger and Rydeen are an integral part of the basis of Mr. Brady's decision and must be made available to the applicants (and the court on further appeal) in order to be able to review the basis of the decision. The availability of these documents is essential to a fair and just application and appeal process, and their unavailability violates administrative law procedures and Mssrs. Kronberger and Rydeen's constitution right to due process.

35.     Without the requested records, Mssrs. Kronberger and Rydeen cannot review and verify FWS's process in awarding the permit, specifically the details of Mr. Zweng's proposal and the ranking panel's scores.  Likewise, Ms. Boario cannot adequately review the decision without that information; and if Ms. Boario is using the information to review Mr. Brady's decision, then due process requires that Mssrs. Kronberger and Rydeen have access to the same information.

36.     The failure by FWS to give Mssrs. Kronberger and Rydeen access to the "most important factual documents in this case" is a violation of administrative law and due process.

37.     Pursuant to 5 U.S.C. § 552(a)(6), a timely appeal concerning the FOIA response was filed by Mr. Rydeen on July 26, 2023, and by Mr. Kronberger on August 16, 2023.

38.     By letter dated September 14, 2023, and October 20, 2023, FWS was notified of its failure to comply with the mandatory legal deadlines, and a request was made for an immediate determination of the aforementioned FOIA appeals.  FWS continues to ignore requests to process the FOIA appeals.

39.     As of the filing of this complaint, FWS has failed to provide the public records—Mr. Zweng's proposal and scoring sheets, and FWS's scoring criteria—that are responsive to Mssrs. Kronberger and Rydeen's FOIA requests.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **10** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 10 of 25

40.     On August 18, 2023, Mr. Kronberger submitted a timely appeal of Mr. Brady's decision concerning the permit for guiding on federal lands within KOD-25.

41.     On August 24, 2023, Mr. Rydeen submitted a timely appeal of Mr. Brady's decision concerning the permit for guiding on federal lands within KOD-25.

42.     During the pendency of both appeals, and on September 12, 2023, FWS offered to allow Mssrs. Kronberger Rydeen to stay their appeals relative to the KOD-25 permit pending the outcome of their related FOIA appeals.

43.     The offer indicated that if a stay was issued, causing the decisions to be delayed beyond 2023, then FWS would issue a temporary, one-year permit to Mr. Zweng, which permit would not be revocable for one year.

44.     Mr. Kronberger, on September 15, 2023, and Rydeen, on September 18, 2023, responded that they did ***not*** want to stay or put a hold on their appeals or otherwise delay Ms. Boario from issuing her final decision.

45.     That FWS offered Mssrs. Kronberger and Rydeen to stay their appeals until resolution of their related FOIA appeals in exchange for issuing a temporary, one-year permit to Mr. Zweng is indicative of the fact that there is no legal authority for FWS to issue a special use (temporary) permit for guiding on federal lands within KOD-25; and it implies that the issuance of a temporary permit requires the consent of Mssrs. Kronberger and Rydeen.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **11** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 11 of 25

46.     On or about January 10, 2024, however, Mssrs. Kronberger and Rydeen obtained information indicating that Mr. Brady nevertheless issued a special use (temporary) permit to Mr. Zweng, authorizing him to guide on federal lands in KOD-25 for 2024.  Upon inquiry to FWS, that action was confirmed by email from Ms. Virgin dated January 11, 2024.

47.     Indeed, on September 29, 2023, Mr. Brady issued a Commercial Activities Special Use Permit that temporarily allows Mr. Zweng to conduct commercial big game guiding and outfitting services on federal lands within Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge.  The special use (temporary) permit was issued by Mr. Brady two weeks after Mssrs. Kronberger and Rydeen declined to consent to such a permit.

48.     Neither Mr. Kronberger nor Mr. Rydeen received previous notice of this action, and still have not received formal notice.

49.     FWS's decision to issue a special use (temporary) permit to Michael Zweng allowing conduct commercial big game guiding and outfitting services on federal lands in Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge is arbitrary and capricious, an abuse of discretion, not in accordance with law, without observance of procedure required by law, undermines the policy of government transparency, allows for unfair preferential treatment, and harms Mr. Kronberger and/or Mr. Rydeen's economic interests.

50.     Nevertheless, based upon confirmation emails by Ms. Virgin, Mssrs. Kronberger and Rydeen appealed the decision of Mr. Brady to issue a one-year special use (temporary) permit for big game guiding services on federal lands in KOD-25.

51.     The appeal of the special use (temporary) permit was made to Ms. Boario in accordance with 50 C.F.R. § 36.41. Ms. Boario was also asked to immediately revoke or stay that permit.

52.     Issuance of special use permits for big game guiding services on national wildlife refuges in Alaska, including KOD-25, is governed by 50 C.F.R. § 36.41.

53.     Where the number of permits in an area is limited, the permits must be awarded competitively. 50 C.F.R. § 36.41(e)(1).

54.     The terms of such permits are five years, with a right to renew for an additional five years. 50 C.F.R. § 36.41(e)(10).

55.     There is no legal authority for Mr. Brady or FWS to issue a "temporary, meaning one year in term length" permit for guide services.

56.     The attempt by Mr. Brady to issue a temporary, a one-year permit is not an implementation of Mr. Brady's prior decision of October 22, 2022, as that decision was to issue a five-year permit in accordance with the regulations.

57.     Mr. Brady issued the temporary permit without notice to Mssrs. Kronberger and Rydeen, and without giving them an opportunity to respond to the action in

contravention of their right to due process under United States Constitution, amend. V and XIV. Specifically, the decision to issue the temporary permit deprives them of the opportunities to work as big game guides on both federal and Native lands within KOD-25 (for which they are authorized to do), without any advance notice or opportunity to present their case.

58. When Mssrs. Kronberger and Rydeen rejected FWS's offer to stay the underlying appeals and requested a decision issue as soon as possible, Ms. Boario still had sufficient time to make a decision on the appeals to secure hunters and make plans for the 2024 hunting season. In fact, Mssrs. Kronberger and Rydeen relied on Ms. Boario to do that.

59. That there might be no active permit to conduct commercial big game guiding and outfitting services on federal lands within KOD-25 is the fault of FWS, not Mssrs. Kronberger and Rydeen.

60. It has been several months since Mssrs. Kronberger and Rydeen's appeals were ripe for decision, and it is only because Ms. Boario has not made a decision that there is no legally authorized permit to conduct commercial big game guiding and outfitting services on federal lands within KOD-25.

61. In addition, the lengthy delay caused by the FOIA requests are FWS's fault.

62.     Mssrs. Kronberger and Rydeen should have never been required to make formal FOIA requests to obtain documents that formed the basis of Mr. Brady or FWS's decision.

63.     Delays were further caused by FWS contacting Mr. Zweng after Mssrs. Kronberger and Rydeen's FOIA requests, and Mr. Zweng's after-the-fact objection to the disclosure of his proposal and scoring sheets, despite his actual knowledge from the face of Prospectus stating *all* proposals submitted in response "will be disclosed" if sought by FOIA request.

64.     Mssrs. Kronberger and Rydeen still have not received all the documents necessary ensure due process in their appeals, but they have moved forward because their livelihood is at stake and cannot wait forever for the bureaucratic process.

65.     On January 16, 2024, Mssrs. Kronberger and Rydeen appealed Mr. Brady's decision to issue a special use (temporary) permit for KOD-25, and asked Ms. Boario to immediately revoke the temporary permit.  *See* Ex. 1.

66.     In an undated letter from Ms. Boario that was emailed by Ms. Virgin on January 26, 2024, she determined that Mr. Brady's rationale for issuing the temporary, one-year permit for KOD-25 to Mr. Zweng to be a reasonable application of his authority.  Ms. Boario declined Mssrs. Kronberger and Rydeen's request to revoke or stay that permit.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF      PAGE **15** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 15 of 25

This decision by Ms. Boario constitutes "final agency action" concerning the special use (temporary) permit.  *See* Ex. 2.

67.    Mr. Brady's after-the-fact rationale for issuing the temporary permit is contained in a letter dated January 23, 2024.   In that letter, Mr. Brady states that "[r]esolution of the appeal process at issue has been unusually delayed."  But the sole and proximate cause of these delays is Ms. Boario's failure to make a decision on the appeals within a reasonable time.  *See* Ex 3.

68.    Mr. Brady's letter also states: "A failure to issue a big game guiding permit for KOD-25 prior to December 15, 2023, would have effectively precluded *any* big game hunting guide from operating in KOD-25 during 2024, thus creating a vacancy for 2024. That is patently false.

69.    There is Native land owned by Akhiok-Kaguyak, Inc. within KOD-25.  Mr. Kronberger holds exclusive land use authorization from Akhiok-Kaguyak, Inc. to hunt that Native land.  No federal permit is necessary.  Accordingly, even if no federal permit is issued, Mr. Kronberger (and Mr. Rydeen as an employee) can operate and guide on the Akhiok-Kaguyak, Inc. lands within KOD-25.

70.    Mr. Brady's rationale for issuing a temporary permit, that no federal permit would mean no hunting in the area, is simply wrong.

71.    Mr. Brady further states that "[a]ny opportunity … to work as a big game guide in KOD-25 in 2024 was already foreclosed by the general prohibition against conducting big game guiding in KOD-25 without a permit and the manner in which the competitive permitting process has transpired." That is likewise false.

72.    Mr. Rydeen has continuously guided in KOD-25, prior and subsequent to Mr. Kronberger having the KOD-25 permit.  He worked as a registered guide for Dennis Harms, the prior KOD-25 permit holder; and he continues to work as a registered guide for most recent KOD-25 permit holder, Mr. Kronberger.

73.    Because of Mr. Kronberger's exclusive land use authorization from Akhiok-Kaguyak, Inc. within KOD-25, Mr. Brady's rationale for issuing a temporary permit, that Mssrs. Kronberger and Rydeen are foreclosed by the general prohibition against conducting big game guiding in KOD-25 without a permit, is simply wrong given the fact that they are permitted to conduct guiding on Native lands in KOD-25.

74.    On January 29, 2024, as a matter of courtesy, Mr. Kronberger requested that Ms. Boario reconsider her decision allowing the temporary permit to stand.  *See* Ex. 4.  As of the date of this Complaint, she has not responded.

75.    On January 30, 2024, as a matter of courtesy, Mr. Rydeen requested that Ms. Boario reconsider her decision allowing the temporary permit to stand.  *See* Ex. 5.  As of the date of this Complaint, she has not responded.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **17** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 17 of 25

76.     The special use (temporary) permit issued by Mr. Brady for KOD-25 stands, and it has not been revoked or stayed.

77.     The decision by Mr. Brady to issue a special use (temporary) permit, and Ms. Boario's decision to allow it to stand, does not align with past practices.  It constitutes unfair and preferential treatment.

78.     The decision by Mr. Brady to issue a special use (temporary) permit, and Ms. Boario's decision to allow it to stand, is arbitrary and capricious and in violation of law.  It does not comply with 50 C.F.R. § 36.41 and appears to be premised upon a proposal that remains secreted by FWS.

79.     In the event that either Mr. Kronberger or Mr. Rydeen's appeal of the original permitting decision is successful, the temporary permit allows Mr. Zweng to unlawfully profit from guiding hunters on federal lands within KOD-25.

80.      The award of the permit to conduct commercial big game guiding and outfitting services on federal lands in KOD-25 must have a reasonable basis and be supported by evidence in the record.  In the same vein, the award of the special use (temporary) permit for KOD-25 must have a reasonable basis and be supported by the evidence.  The temporary permit must also be authorized by law.

81.     The issuance of the special use (temporary) permit by Mr. Brady to conduct commercial big game guiding and outfitting services on federal lands in Guide Use Area

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF     PAGE **18** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 18 of 25

KOD-25 of the Kodiak National Wildlife Refuge is not authorized by statute, rule, or regulation.

82.     From the face of 50 C.F.R. § 36.41, there is no exception to allow a short-term, temporary special use permit to conduct commercial big game guiding and outfitting services in a national wildlife refuge when such permits shall only be issued through a competitively bid process and for five years. Likewise, there is no exception to allow short-term, temporary special use permits when competitively bid permit awards are pending final agency action by the regional director.

82.     Generally, the law requires FWS to provide notice-and-comment procedures when modifying a rule, regulation, policy and guidelines, or changes in practice.

83.     Allowing Mr. Brady to issue the special use (temporary) permit and Ms. Boario's decision for it to stand, allows for informal rulemaking and for FWS to interpret congressional intent. Such an approach will have a perverse effect on the rules and regulations. To that end, it would allow FWS to set aside judicial interpretation or have courts render an interpretation of a statute subject to correction by FWS.

84.     Any person adversely affected in the issuance of a permit for guiding big game hunting on federal lands in Kodiak National Wildlife Refuge has the right to have the decision or order reviewed by the regional director. 50 C.F.R. § 36.41(i).

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF        PAGE **19** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 19 of 25

85.     Upon submission of a timely appeal, the regional director is required to consider the written material, as well as any oral hearing, and within a reasonable time, "shall affirm, reverse, or modify" the decision or order and shall set forth in writing the basis for the decision.  The decision must be communicated to the appellant promptly, and the decision constitutes "final agency action."  50 C.F.R. § 36.41(i)(4).

86.     FWS created the problem that resulted in the issuance of the short-term, temporary special use permit for KOD-25 by not addressing Mssrs. Kronberger and Rydeen's appeal "within a reasonable time."

87.     At all times pertinent, FWS knew or should have known that Kodiak National Wildlife Refuge is the only Alaska national wildlife refuge that requires a draw for non-resident bear hunters.  As such, the appeals of Mssrs. Kronberger and Rydeen should have been given expedited consideration, so as not to adversely affect any applicant.

88.     50 C.F.R. § 36.41 regulates the issuance and administration of competitively and noncompetitively issued permits on all national wildlife refuges in Alaska.  Nothing in 50 C.F.R. § 36.41 authorizes the refuge manager to issue a special use (temporary) permit.

89.     FWS did not issue any document or public announcement to effect amendments, deletions, or other modification made to the text of the regulations in effect immediately prior to the effective date of the special use (temporary) permit issued.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE 20 OF 25
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 20 of 25

## Claims for Relief

90.    Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

91.    This application for a temporary restraining order is made pursuant to Federal Rule of Civil Procedure 65 to prevent FWS from maintaining the special use (temporary) permit issued to conduct big game guiding and outfitting services on federal lands in Guide Use Area KOD-25 in the Kodiak National Wildlife Refuge.

92.    There is an immediate risk of irreparable harm to Mssrs. Kronberger and Rydeen resulting from the temporary permit.  More particularly, on February 16, 2024, ADFG is expected to notify the public of the draw results for non-resident brown bear hunting in KOD-25.  Then, on February 19, 2024, those results will be sent to the Big Game Commercial Service Board for a Unique Verification Code (UVC) cross-reference of the hunting guide permit holders for KOD-25.

93.    Mssrs. Kronberger and Rydeen's clients will be precluded from obtaining one or more brown bear tags for hunting on Native lands within KOD-25 if the temporary permit remains in effect.

94.    The temporary permit allows for other non-resident hunters to be considered and awarded all or a portion of the allotted number of brown bear tags for KOD-25 through a lottery-type draw predicated upon an illegal, non-competitive permit that was issued

without notice. Upon information and belief, no similar draw has occurred for non-resident brown bear hunting within the Kodiak National Wildlife Refuge including KOD-25.

95. FWS, unless restrained, will allow the temporary permit to be in effect for purpose of conducting big game guiding and outfitting services on federal lands within KOD-25 when no statutory authority, rule or regulation allows for such.

96. ADFG has indicated it will not issue any brown bear tags to non-resident hunters that have applied to hunt in KOD-25 by virtue of the temporary permit, if said permit is enjoined or stayed.

97. If FWS is not enjoined, Mssrs. Kronberger and Rydeen will suffer immediate and irreparable economic harm because they have exclusive Native land use authorization within KOD-25, and the full allotment of brown bear tags for KOD-25 will not be available for them to conduct big game guiding due to the illegal temporary permit.

98. There is no other adequate remedy at law because FWS refuses to revoke the temporary permit and, despite sufficient opportunity to do so, has failed to address Mssrs. Kronberger and Rydeen's appeal of the competitively bid application for the KOD-25 permit within a reasonable time.

99. There is a substantial likelihood that Mssrs. Kronberger and Rydeen will prevail on the merits.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF          PAGE **22** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 22 of 25

100. The harm to Mssrs. Kronberger and Rydeen outweighs the harm, if any, that a temporary restraining order would inflict on FWS.

101. Issuance of a temporary restraining order would not adversely affect the public interest and public policy because non-resident brown bear hunting would still be allowed within KOD-25.

102. Pursuant to Fed. R. Civ. P. 65(b), notice has been given to FWS of the date and time this Complaint and the accompanying application for a temporary restraining order.

103. Affidavits that prove the allegations in the application for injunctive relief are attached and incorporated by reference.

104. Mssrs. Kronberger and Rydeen specifically reserve the right to seek judicial relief concerning their FOIA requests, as well as any "final agency action" for their appeals relative Mr. Brady's decision of October 22, 2022, which appeals are currently pending before Ms. Boario.

## Request for Relief

Plaintiffs respectfully request that this Court granted the following relief:

(1) Issue a temporary restraining order to enjoin use of the special use (temporary) permit issued on September 29, 2023, by Michael Brady, Refuge Manager for the Kodiak National Wildlife Refuge, to conduct commercial big game guiding and

outfitting services on federal lands within Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge.

(2)     Declare that FWS violated 50 C.F.R. § 36.41 in issuing the special use (temporary) permit for KOD-25.

(3)     Declare invalid the special use (temporary) permit.

(4)     Declare that the actions set forth above are arbitrary, capricious, an abuse of discretion and not in accordance with law, and in violation of due process.

(5)     Vacate and set aside as unlawful the decision of FWS to issue a special use (temporary) permit issued to conduct commercial big game guiding and outfitting services on federal lands within Guide Use Area KOD-25.

(6)     Enter appropriate injunctive relief; and

(7)     Grant such other relief as this Court deems proper and just.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF     PAGE **24** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 24 of 25

Respectfully submitted,

Date: February 12, 2024.

REEVES AMODIO, LLC

By: /s/ Brian J. Stibitz
Brian J. Stibitz, No. 0106043
Colleen J. Moore, No. 8611126
500 L Street, Suite 300
Anchorage, Alaska 99501
T: 907-222-7100
Email: brian@reevesamodio.com
colleen@reevesamodio.com

*Attorneys for Plaintiff Lance Kronberger*

LAW OFFICE OF SHANE E. ROMERO, LLC

By: /s/ Shane Romero
Shane E. Romero, LA Bar #26108
110 E. Pershing Street
New Iberia, LA 70560
T: (337) 321-6945
Email: seromero@cox-internet.com

*Attorney for John. W. Rydeen*
*Applying for Pro Hac Admission*

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF   PAGE **25** OF **25**
KRONBERGER V. BRADY, ET AL.
CASE NO.: 3:24-CV-00036-SLG.

Case 3:24-cv-00036-SLG   Document 1   Filed 02/12/24   Page 25 of 25