Brian J. Stibitz, AK Bar # 0106043
Colleen J. Moore, AK Bar #8611126
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
brian@reevesamodio.com
colleen@reevesamodio.com
*Attorneys for Plaintiff Lance Kronberger*

Shane E. Romero, LA Bar #26108
LAW OFFICE OF SHANE E. ROMERO, LLC
110 E. Pershing Street
New Iberia, LA 70560
(337) 321-6945
seromero@cox-internet.com
*Attorney for John W. Rydeen*
*Applying for Pro Hac Admission*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER and JOHN W. RYDEEN, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BRADY, in his official capacity as Refuge Manager for Kodiak National Wildlife Refuge; SARA BOARIO, in her official capacity as Alaska Regional Director of U.S. Fish and Wildlife Services; DEB HAALAND, in her official capacity as Secretary of Department of Interior; and U.S. FISH AND WILDLIFE SERVICES, <br><br> Defendants. | Case No. 3:24-cv-00036-SLG |

# AFFIDAVIT

Affiant, LANCE KRONBERGER, being first duly sworn upon oath, deposes and states:

1. Affiant owns and operates Freelance Outdoor Adventures, a guiding and outfitting business headquartered in Eagle River, Alaska. He is a registered guide and master guide in Alaska.

2. Affiant has personal knowledge of the matters contained in this affidavit and is personally familiar with the allegations contained in the verified complaint.

3. On or about January 10, 2024, affiant obtained information indicating that Michael Brady, Refuge Manager for Kodiak National Wildlife Refuge, issued a special use (temporary) permit to Michael Zweng, authorizing him to guide on federal lands in KOD-25 for 2024. Upon inquiry to U.S. Fish and Wildlife Service, that action was confirmed by email from Kathey Virgin, Regional Permits Coordinator for U.S. Fish and Wildlife Services, dated January 11, 2024.

4. It was subsequently discovered that, on September 29, 2023, Brady issued a Commercial Activities Special Use Permit that temporarily allows Zweng to conduct commercial big game guiding and outfitting services on federal lands within Guide Use Area KOD-25 of the Kodiak National Wildlife Refuge.

5. The special use (temporary) permit was issued by Brady without previous notice to affiant of this action, and affiant still has not received formal notice.

6. On January 16, 2024, affiant appealed Brady's decision to issue a special use (temporary) permit for KOD-25 to Sara Boario, Regional Director of the National Wildlife Refuge System in Alaska, and asked Boario to immediately revoke or stay the effectiveness of the temporary permit.

7. In an undated letter from Boario that was emailed by Virgin on January 26, 2024, she determined that Brady's rationale for issuing the temporary, one-year permit for KOD-25 to Zweng to be a reasonable application of his authority. Boario declined affiant's request to revoke or stay that permit.

8. Brady's after-the-fact rationale for issuing the temporary permit, upon which Boario apparently relied, is contained in a letter dated January 23, 2024, which was included in the January 26 email from Virgin. In that letter, Brady states the primary basis for issuing the permit: "A failure to issue a big game guiding permit for KOD-25 prior to December 15, 2023, would have effectively precluded *any* big game hunting guide from operating in KOD-25 during 2024, thus creating a vacancy for 2024." That is patently false. Brady's rationale for issuing a temporary permit, that no federal permit would mean no hunting in the area, is simply wrong.

9. There is Native land owned by Akhiok-Kaguyak, Inc. (AKI) within KOD-25. Affiant holds exclusive land use authorization from AKI to hunt that Native land. No federal permit is necessary. Even if no federal permit is issued, affiant can operate and guide on the AKI lands within KOD-25.

10. On January 29, 2024, affiant requested that Boario reconsider her decision allowing the temporary permit to stand, based on the fundamental error concerning affiant's ability to hunt on AKI lands within KOD-25. As of this date, she still has not responded.

11. By reason of Defendants' wrongful and improper conduct, affiant will suffer substantial and irreparable injury because he has exclusive Native land use authorization within KOD-25, and the full allotment of brown bear tags for KOD-25 will not be available for him to conduct big game guiding due to the illegal temporary permit.

12. On February 16, 2024, the Alaska Department of Fish and Game is expected to notify the public of the draw results for non-resident brown bear hunting in KOD-25. Then, on February 19, 2024, those results will be sent to the Big Game Commercial Service Board for a Unique Verification Code (UVC) cross-reference of the hunting guide permit holders for KOD-25. ADFG has informed affiant that it will not issue any brown bear tags to non-resident hunters that have applied to hunt in KOD-25 by virtue of the temporary permit, if said permit is enjoined or stayed on or before February 16, 2024.

13. A temporary restraining order and preliminary injunction are necessary to preserve the status quo until the issues raised by affiant's complaint can be determined and are appropriate because affiant is likely to prevail on the merits of its claim.

14. Affiant has no adequate remedy at law and the harm to affiant, if injunctive relief is not granted, will outweigh the harm to Defendants, if any, if such relief is granted. Affiant's clients will be precluded from obtaining one or more brown bear tags for hunting on Native lands within KOD-25 if the temporary permit remains in effect.

15. A lottery-type draw for KOD-25 between an exclusive Native use land permit and a non-competitively issued permit would unfairly preclude affiant from guiding one or more clients for the Spring brown bear season, at a minimum—a resulting loss of tens of thousands of dollars and damage to his reputation as a guide.

16. The public interest will not be harmed by granting affiant's application for a temporary restraining order and, in due course, injunctive relief, because the policy of allowing hunting in the area of KOD-25 will be fully served.

_____
LANCE KRONBERGER

Sworn and subscribed before me this 9th day of February, 2024.

My commission expires 5/16/27

_____

[Notary seal: BLANCHE O. SHEPPARD, NOTARY PUBLIC, STATE OF ALASKA]