# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LANCE KRONBERGER, *et al.*,

        Plaintiffs,

   v.

MICHAEL BRADY, in his official capacity as Refuge Manager for Kodiak National Wildlife Refuge, *et al.*,

        Defendants.

Case No. 3:24-cv-00036-SLG

## ORDER RE PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION AND MOTION FOR A TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' Supplemental Motion for Expedited Consideration of Motion for Temporary Restraining Order at Docket 10 and Plaintiffs' Motion for a Temporary Restraining Order at Docket 4.[1] Defendants[2] have not been served with Plaintiffs' Complaint,[3] but they have been provided notice of Plaintiffs' Motion for a Temporary Restraining Order.[4]

---

[1] *See* Docket 7 (Mem. in Supp. of Pls.' Mot. for a TRO); Docket 5 (Aff. of Lance Kronberger); Docket 6 (Aff. of John Rydeen).

[2] Defendants are Michael Brady, in his official capacity as Refuge Manager for Kodiak National Wildlife Refuge; Sara Boario, in her official capacity as Alaska Regional Director of the U.S. Fish and Wildlife Service; Deb Haaland, in her official capacity as Secretary of the Department of the Interior; and the U.S. Fish and Wildlife Service ("FWS"), (collectively, "Defendants"). Docket 1 at ¶ 1.

[3] Docket 10-3 at 4 (noting that "Plaintiffs are in the process of serving Defendants").

[4] *See* Docket 10-3 at 2-3, ¶¶ 2-6.

## BACKGROUND

This lawsuit concerns an FWS-issued permit to guide commercial big game hunting on federal lands in KOD-25, a Guide Use Area within Kodiak National Wildlife Refuge.[5] To guide in KOD-25, "an Alaska registered guide must have a special land use permit issued by [FWS] or a land use authorization from the Native corporation, Akhiok-Kagyuak, Inc. ('AKI'), which holds lands within KOD-25."[6] Since 2018, Plaintiff Lance Kronberger has held "exclusive land use authorization from [AKI] to hunt [on] Native land" within KOD-25.[7] Mr. Kronberger is also the most recent FWS permit holder for KOD-25[8]; his federal KOD-25 permit expired on December 31, 2023.[9] Plaintiff John Rydeen has worked as a guide for the prior KOD-25 permit holder and for Mr. Kronberger in KOD-25.[10]

In 2021, Defendant Brady solicited proposals for the federal KOD-25 permit and Plaintiffs applied.[11] They were "two of three selected by a scoring panel as qualifying proposals"; the third qualifying proposal was submitted by Michael

---

[5] Docket 1 at ¶¶ 1, 17.

[6] Docket 10-2 at 2, ¶ 4.

[7] Docket 1 at ¶¶ 24, 69; Docket 5 at ¶ 9. *See* Docket 1-5 at 4.

[8] Docket 7 at 3 n.2 (noting that Kronberger purchased the permit from another guide in 2016); Docket 1 at ¶ 72.

[9] Docket 1-1 at 17.

[10] Docket 1 at ¶ 72.

[11] Docket 1 at ¶¶ 17-18.

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 2 of 10

Zweng.[12] Plaintiffs allege that they have "significantly more experience than Mr. Zweng in KOD-25 and significantly more experience overall than Mr. Zweng."[13] In October 2022, Mr. Brady awarded the permit to Mr. Zweng.[14] Plaintiffs subsequently filed requests under the Freedom of Information Act (FOIA) for "Mr. Zweng's KOD-25 proposal, his score sheets and FWS's scoring criteria."[15] In July 2023, FWS provided records to Plaintiffs pursuant to the FOIA request but withheld some documents because Mr. Zweng indicated that they contained commercial or financial information.[16] Plaintiffs appealed FWS' response to their FOIA request, and their appeals remain pending.[17]

In August 2023, Plaintiffs appealed Mr. Brady's decision to award the KOD-25 permit to Mr. Zweng.[18] In September 2023, while Plaintiffs' FOIA and KOD-25 permit appeals were pending, "FWS offered to allow [Plaintiffs] to stay their appeals relative to the KOD-25 permit pending the outcome of their related FOIA appeals" and FWS "indicated that if a stay was issued, causing the decisions to be

---

[12] Docket 1 at ¶ 19.

[13] Docket 1 at ¶ 21.

[14] Docket 1 at ¶ 20.

[15] Docket 1 at ¶ 26. Plaintiffs assert that the documents that FWS provided in response to Plaintiffs' FOIA request were incomplete in violation of Plaintiffs' due process rights and the Administrative Procedure Act. Docket 1 at ¶ 28-29, 33-36.

[16] Docket 1 at ¶ 28.

[17] Docket 1 at ¶¶ 37-39.

[18] Docket 1 at ¶¶ 40-41.

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 3 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 3 of 10

delayed beyond 2023, then FWS would issue a temporary, one-year permit to Mr. Zweng, which . . . would not be revocable for one year."[19] Plaintiffs declined to stay their KOD-25 appeals.[20] Mr. Brady "nevertheless issued a special use (temporary) permit to Mr. Zweng, authorizing him to guide on federal lands in KOD-25 for 2024."[21]

On January 16, 2024, Plaintiffs appealed pursuant to 50 C.F.R. § 36.41 to Defendant Boario to challenge the issuance of the temporary KOD-25 permit.[22] Ms. Boario determined that the temporary KOD-25 permit was a "reasonable application of [Mr. Brady's] authority" and declined to revoke or stay the temporary permit.[23] Plaintiffs challenge the issuance of the KOD-25 permit and the temporary KOD-25 permit to Mr. Zweng, and FWS' withholding of information regarding Mr. Zweng's application, under the Administrative Procedure Act.[24]

Relevant to Plaintiffs' request for a temporary restraining order, to hunt brown bears in KOD-25, "a non-Alaska resident must hunt with a registered guide who is qualified to hunt in that area and must hold a hunting permit issued by the

---

[19] Docket 1 at ¶¶ 42-43.  See Docket 1-1 at 5.

[20] Docket 1 at ¶ 44.  See Docket 1-1 at 14.

[21] Docket 1 at ¶ 46.

[22] Docket 1 at ¶¶ 50-51, 65.  See Docket 1-2 at 1-6.

[23] Docket 1 at ¶ 66.  See Docket 1-3.

[24] Docket 1 at ¶¶ 36, 49, 52-57.

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 4 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 4 of 10

State of Alaska, Department of Fish and Game ('ADFG')."[25] "ADFG issues only four hunting permits for the KOD-25 area. If more than one qualified guide has applied hunters to hunt in that area, ADFG determines who will receive those permits by draw. ADFG releases the results of its draw for brown bears hunting permits for the Spring hunt in KOD-25 on February 16, 2024."[26] Due to FWS issuing Mr. Zweng a temporary KOD-25 permit, both he and Plaintiff Kronberger are qualified to guide hunters in KOD-25.[27] If the Court stays Mr. Zweng's temporary KOD-25 permit, "then Mr. Zweng cannot guide in KOD-25 and his hunters are not eligible to receive ADFG hunting permits."[28]

## JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which "confer[s] jurisdiction on federal courts to review agency action, regardless of whether the [Administrative Procedure Act] of its own force may serve as a jurisdictional predicate."[29]

## LEGAL STANDARD

In *Winter v. Natural Resources Defense Council, Inc.*, the United States

---

[25] Docket 10-2 at 2, ¶ 3.

[26] Docket 10-2 at 3, ¶ 6.

[27] Docket 10-2 at 3, ¶ 7.

[28] Docket 10-2 at 3, ¶ 7.

[29] *Califano v. Sanders*, 430 U.S. 99, 105 (1977).

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 5 of 10

Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[30] When, as here, the government is a party to the action, the balance of equities factor and the public interest factor merge.[31] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[32]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[33] Under that approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[34] "Serious questions are 'substantial, difficult

---

[30] 555 U.S. at 20. The standard for obtaining a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[31] *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

[32] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[33] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

[34] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 6 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 6 of 10

and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'"[35] They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance on the merits.'"[36] All four *Winter* elements must still be satisfied under this approach,[37] but the last two elements—the balance of hardships and consideration of the public interest—merge when the government is a party to the action.[38]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[39]

## DISCUSSION

The Court first considers whether Plaintiffs have demonstrated that they are likely to suffer irreparable harm in the absence of a temporary restraining order. "A likelihood of irreparable harm means 'a likelihood of substantial and immediate

---

[35] *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)); *see also Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1273 (N.D. Cal. 2014) ("'Serious questions' refers to questions 'which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo . . . .'" (quoting *Gilder*, 936 F.2d at 422)).

[36] *Gilder*, 936 F.2d at 422 (quoting *Marcos*, 862 F.2d at 1362).

[37] *All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors.").

[38] *Nken v. Holder*, 556 U.S. 418, 435 (2009).

[39] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 7 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 7 of 10

irreparable injury.'"[40] The Supreme Court has emphasized that "simply showing some 'possibility of irreparable injury'" is insufficient.[41] "Speculative injury does not constitute irreparable injury . . . . [A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."[42] Moreover, the injury must be irreparable.[43]

Plaintiffs maintain that "[i]f a TRO is not granted, one or more of Plaintiffs' clients will be precluded from obtaining brown bear tags for hunting on Native lands within KOD-25."[44] That is because Mr. Zweng's clients would be eligible for ADFG brown bear tags and the absence of a TRO staying Mr. Zweng's KOD-25 permit "would . . . allow others to receive all, or part, of the allotted number of brown bear tags for KOD-25."[45] Stated differently, Mr. Zweng's KOD-25 permit "reduces the

---

[40] *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 877 (C.D. Cal. 2021) (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012)). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy [of injunction] is unavailable absent a showing of irreparable injury, . . . a 'likelihood of substantial and immediate irreparable injury.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974))).

[41] *Nken*, 556 U.S. at 434-35 (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)). As the Supreme Court has explained, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek*, 520 U.S. at 972).

[42] *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis omitted) (first citing *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984); and then citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

[43] *See L.A. Mem'l Coliseum Comm'n*, 634 F.2d at 1202 (holding that injury of lost revenues was not irreparable).

[44] Docket 7 at 13.

[45] Docket 7 at 13; Docket 5 at ¶ 11

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 8 of 10

allotment of brown bear tags that Plaintiffs' clients would otherwise be able to obtain for hunting on Native lands."[46] Plaintiff Kronberger avers that "[a] lottery-type draw for KOD-25 between an exclusive Native use land permit and a non-competitively issued permit would unfairly preclude affiant from guiding one or more clients for the Spring brown bear season, as a minimum—a resulting loss of tens of thousands of dollars and damage to his reputation as a guide."[47]

The Court finds that Plaintiffs' purported injury is speculative and does not demonstrate a likelihood of irreparable harm. At most, Plaintiffs have shown a possibility of injury—that their clients will not receive brown bear tags in the draw by ADFG and therefore Plaintiffs will lose commercial brown bear hunt guiding opportunities in KOD-25. First, Plaintiffs cannot assert the injury of their clients, nonparties to this litigation, to show a likelihood of irreparable injury, as Plaintiffs must show that they themselves are likely to suffer irreparable harm.[48] Second, Plaintiffs have provided insufficient information as to the number and nature of the guided hunts that might be threatened by the absence of a temporary restraining order and Mr. Zweng's participation in the ADFG draw. And, in any event, Plaintiffs

---

[46] Docket 7 at 13; Docket 5 at ¶ 14 ("Affiant's clients will be precluded from obtaining one or more brown bear tags for hunting on Native lands within KOD-25 if the temporary permit remains in effect."); Docket 6 at ¶ 11 ("[A]ffiant will suffer substantial and irreparable injury because he guides for Kronberger, who has exclusive Native land use authorization within KOD-25, and the full allotment of brown bear tags for KOD-25 will not be available for him to conduct big game guiding due to the illegal temporary permit.").

[47] Docket 5 at ¶ 15. *See* Docket 6 at ¶ 15 (Rydeen averring substantially the same).

[48] *Winter*, 555 U.S. at 20.

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 9 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 9 of 10

potential loss of commercial guiding opportunities and the associated revenue is not irreparable injury, as "monetary injury is not normally considered irreparable."[49]

Accordingly, Plaintiffs fail to demonstrate a likelihood of irreparable injury in the absence of a temporary restraining order; as such, the Court need not and does not reach the other three *Winter* requirements necessary to obtain injunctive relief.

## CONCLUSION

Plaintiffs' Supplemental Motion for Expedited Consideration of Motion for Temporary Restraining Order at Docket 10 is **GRANTED** and Plaintiffs' Motion for Temporary Restraining Order at Docket 4 is **DENIED**.

DATED this 15th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[49] *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (alteration omitted) (quoting *L.A. Mem'l Coliseum Comm'n*, 634 F.2d at 1202).

Case No. 3:24-cv-00036-SLG, *Kronberger, et al. v. Brady, et al.*
Order re Plaintiffs' Motion For Expedited Consideration and Motion For A Temporary Restraining Order
Page 10 of 10
Case 3:24-cv-00036-SLG   Document 11   Filed 02/15/24   Page 10 of 10